**In re Gary W. BRUGH and Joyce E. Brugh, Debtors.**

**Donald J. THOMAS, Plaintiff,**

v.

**Gary W. BRUGH and Joyce E. Brugh, Defendants.**

**Bankruptcy No. 95–00438–B7.
Adv. No. 96–90302.**

United States Bankruptcy Court, S.D. California.

Nov. 19, 1996.

---

**766**

Donald J. Thomas, San Diego, CA, pro se.

Gary W. and Joyce E. Brugh, El Cajon, CA, pro se.

### *ORDER*

JOHN L. PETERSON, Bankruptcy Judge.

In this adversary proceeding, this Court, in an Order dated October 16, 1996, directed the parties to file briefs addressing whether Plaintiff Donald J. Thomas' (Thomas) complaint was timely filed under F.R.B.P. 4007(c). Both parties have filed briefs and the Court deems the matter ripe for adjudication.

Thomas seeks to except from discharge, pursuant to 11 U.S.C. § 523(a)(6), an alleged $100,000.00 owing as the result of Thomas' termination from National City Jeep Eagle. National City Jeep Eagle is an entity owned by Gary Brew Enterprises, Ltd. (GBE), which was owned by Defendants, Gary and Joyce Brugh. Thomas' employment with GBE was terminated on March 30, 1992. Sometime after Thomas' termination from GBE, he filed a complaint against GBE for racial discrimination in the United States District Court for the Southern District of California. That complaint was dismissed on June 8, 1994, for Thomas' failure to prosecute the matter with due diligence. Brughs filed a voluntary Chapter 7 petition on January 17,

1995. Thomas was not listed as a creditor in Brughs' schedules and the deadline for creditors to object to the dischargeability of a claim was April 24, 1995. Debtors received a discharge on May 20, 1995.

Thomas filed a complaint against Adam Adams, as Managing Agent of National City Jeep Eagle on March 27, 1995. Thomas subsequently amended the complaint on July 24, 1995, to include the Brughs; months after the Brughs had received their discharge in bankruptcy. Thomas' complaint as to Adam Adams was dismissed on January 10, 1996, and the complaint against Brughs is still pending in the United States District Court for the Southern District of California. On May 10, 1996, Thomas filed the instant adversary proceeding.

In their answer to Thomas' complaint, the Brughs, in their second affirmative defense, argue that Thomas' complaint is barred for failure to comply with all applicable statute of limitations and claims procedures, and request that judgment be entered in favor of Brughs and against Thomas. In a memorandum to the Court dated November 5, 1996, Thomas argues that he did not have notice of Brughs bankruptcy, that he was not included on Brughs' schedule of creditors and as a result, Thomas' debt is not dischargeable pursuant to 11 U.S.C. § 523(a)(3)(B).

■ Assuming, for the sole purpose of this Order, that Thomas did not have notice or actual knowledge of the Brughs' bankruptcy, he is still precluded from prevailing in this adversary proceeding because there was not a valid claim that could be asserted against the Brughs—any possible civil rights claim arising out of Thomas' termination from National City Jeep Eagle expired before the Brughs filed for bankruptcy. Thus, Brughs had no obligation to list Thomas as creditor.

The parties in this case are not strangers to this Court. See *Thomas v. Adams (In re Gary Brew Enter., Ltd.)*, 198 B.R. 616 (Bankr.S.D.Cal.1996).[1] In that case, this

---

**1.** The instant adversary complaint (Cause No. 96–90302) and the adversary complaint in *In re Gary Brew Enter., Ltd.*, (Cause No. 96–90279) both arose from National City Jeep Eagle's dis-

charge of Donald J. Thomas on March 30, 1992. In both cases, Thomas is seeking damages under 42 U.S.C. § 1981, on allegations of racial discrimination. In Cause No. 96–90279, this Court

Court determined that the two seminal decisions of *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) and *Goodman v. Lukens Steel Co.* 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), govern the applicable state statute of limitations. As the U.S. Supreme Court reasoned in *Goodman* :

> Because § 1981, like §§ 1982 and 1983, does not contain a statute of limitations, federal courts should select the most appropriate or analogous state statute of limitations. In *Wilson,* the reach of which is at issue in this case, there were three holdings: for the purpose of characterizing a claim asserted under § 1983, federal law, rather than state law, is controlling; a single state statute of limitations should be selected to govern all § 1983 suits; and because claims under § 1983 are in essence claims for personal injury, the state statute applicable to such claims should be borrowed. Petitioners in No. 85–1626 (hereafter petitioners), agree with the Court of Appeals that the first two *Wilson* holdings apply in § 1981 cases, but insist that the third does not. Their submission is that § 1981 deals primarily with economic rights, more specifically the execution and enforcement of contracts, and that the appropriate limitations period to borrow is the one applicable to suits for interference with contractual rights, which in Pennsylvania was six years.
>
> The Court of Appeals properly rejected this submission. Section 1981 has a much broader focus than contractual rights. The section speaks not only of personal rights to contract, but personal rights to sue, to testify, and to equal rights under all laws for the security of person and property; and all persons are to be subject to like punishments, taxes, and burdens of every kind. Section 1981 of the present Code was § 1977 of the Revised Statutes of 1874. Its heading was and is "Equal rights under the law" and is contained in a chapter entitled "Civil Rights." Insofar as it deals with contracts, it declares the personal right to make and enforce contracts, a right, as the section has been construed, that may not be interfered with on racial grounds. The provision asserts, in effect, that competence and capacity to contract shall not depend upon race. It is thus part of a federal law barring racial discrimination, which, as the Court of Appeals said, is a fundamental injury to the individual rights of a person. *Wilson's* characterization of § 1983 claims is thus equally appropriate here, particularly since § 1983 would reach state action that encroaches on the rights protected by § 1981. That § 1981 has far-reaching economic consequences does not change this conclusion, since such impact flows from guaranteeing the personal right to engage in economically significant activity free from racially discriminatory interference. The Court of Appeals was correct in selecting the Pennsylvania 2–year limitations period governing personal injury actions. *Citations omitted.*

■ Under California state law, the statute of limitations for personal injury actions is one-year. *Maddox v. County of San Mateo,* 746 F.Supp. 947, 956 (N.D.Cal.1990); California Code of Civil Procedure § 340(3). The one-year deadline in the instant case expired on March 30, 1993, one-year after Thomas' discharge from National City Jeep Eagle. Although Thomas filed a timely complaint against GBE, that complaint was dismissed on June 8, 1994, for Thomas' failure to prosecute with due diligence. Thomas filed another complaint on March 27, 1995, and then amended it on July 24, 1995, to include the Brughs. The instant complaint was not filed until March 27, 1995, two years after the statute of limitations had run on Thomas' claim. This Court, therefore, finds that Thomas' complaint is barred by the one-year statute of limitations and consequently, Thomas does not have a claim which a bankruptcy court can determine to be nondischargeable. In light of the foregoing,

IT IS ORDERED the clerk shall enter Judgement in favor of Defendants, Gary W. and Joyce E. Brugh and against Plaintiff,

held that the matter involved a non-core proceeding and that the Chapter 7 Trustee's removal of the action to the bankruptcy court was inappropriate. The case was remanded to the United States District Court for the Southern District of California for further proceedings.

Donald J. Thomas, dismissing the complaint in this adversary proceeding with prejudice.